R. MONELL HERZBERG, Respondent, v. THE FARMERS NATIONAL BANK OF HUDSON, N. Y., and Another, Appellants.—Appeal by defendants from an order of Special Term of the Supreme Court, Ulster county, denying the motion of plaintiff to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action. The complaint attempts to allege five separate causes of action. The first cause of action alleges that the defendants in bad faith induced plaintiff to refrain from foreclosing a certain mortgage to plaintiff's damage. The second alleges a promise of the bank, conspiring with the other defendant, to protect plaintiff's interest relative to certain notes upon which the bank had obtained a judgment; that in bad faith plaintiff was induced to refrain from protecting his interests as to furnishing a bond upon an execution upon judgments upon these notes; that thereby no levy was made and the judgments became uncollectible to plaintiff's damage. The third cause of action in effect alleges that the bank purchased certain stock for the plaintiff; that it failed to have the stock properly transferred to the name of plaintiff whereby plaintiff was unable to sell it and realize upon it and that said stock became worthless and unsalable and thereby caused plaintiff damage. It is alleged that both defendants conspired in said conduct to damage plaintiff. The fourth cause of action is based upon conversion by the bank of certain collateral securities pledged with it by the plaintiff under an agreement that such security should not be sold without notice to the plaintiff. It is alleged that contrary to said agreement the bank sold said stock and thereby converted it and that both defendants by conspiracy were parties to said wrong. . The fifth alleged cause of action is based upon the asserted wrongful act of defendants in inducing plaintiff to sell certain real estate and to pay the amount realized thereon to the bank under a promise that by so doing no judgment would be entered against plaintiff by defendants. There is a further allegation that the defendants wrongfully entered judgment against plaintiff and

delivered an execution thereon to the sheriff contrary to their promise to the plaintiff and without any direction to the sheriff to satisfy said judgment out of personal property of plaintiff held by the bank more than sufficient to pay plaintiff's indebtedness; that defendants demanded further security under a threat to sell plaintiff's property, and that defendants told various uninterested persons all these matters. Order reversed on the law in so far as it denies defendants' motion to dismiss the said fifth cause of action; otherwise, the order is affirmed, without costs to either party. Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ., concur.